[No. 14588.   Department Two.   July 19, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
HARRY JOHN, *Appellant.*[1]

CRIMINAL LAW—EVIDENCE—MOTIVE.  Where there was abundant evidence to identify the accused as one of the parties committing an assault by firing a revolver at the prosecuting witness, it is not necessary to show a motive for the assault.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered August 8, 1917, upon a trial and conviction of assault in the first degree.  Affirmed.

*William R. Bell* and *Walter S. Fulton,* for appellant.

*Alfred H. Lundin* and *Frank P. Helsell,* for respondent.

MOUNT, J.—Appellant was convicted on a charge of assault in the first degree upon one Louie James.  He

[1]Reported in 173 Pac. 943.

appeals from a sentence based upon the verdict of the jury. He makes but one assignment of error, viz.: that the verdict is contrary to the law and the evidence.

It appears that, on the 5th day of March, 1917, one Louie James, a Chinaman, was assaulted by two other Chinamen upon the streets of Seattle. While the prosecuting witness was walking along the street, two Chinamen, armed with pistols, began shooting at him. He escaped, and the appellant, Harry John, and another Chinaman were arrested. The other Chinaman pleaded guilty, and the appellant entered a plea of not guilty.

Appellant's contention appears to be that there was no sufficient evidence of his identification, and that there was no motive shown for the assault; and that, for these reasons, we should hold that the evidence is insufficient. There is abundant evidence in the record to identify the appellant as one of the parties who assaulted the prosecuting witness by firing a number of shots from a revolver at the prosecuting witness. He was identified by at least four witnesses who saw the occurrence and who did not hesitate to identify him. Where the evidence is positive, as it is in this case, it is not necessary that there should be a motive shown for the assault.

The record convinces us beyond doubt that the appellant was one of the guilty parties.

The judgment is therefore affirmed.

MAIN, C. J., CHADWICK, FULLERTON, and HOLCOMB, JJ., concur.